UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOVISA S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C26-5047-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends that the administrative law judge ("ALJ") erred by discounting her testimony and two medical opinions. (Dkt. # 17.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 18.) Plaintiff filed a reply. (Dkt. # 23.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

## II. BACKGROUND

Plaintiff was born in 1973, has at least a high school education, and has worked as a cafeteria attendant. AR at 141. Plaintiff was last gainfully employed in 2022. *Id.* at 177. In January 2023, Plaintiff applied for benefits, with an amended alleged disability onset date of January 26, 2023. *Id.* at 129. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in February 2025, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 129-43.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that Plaintiff had the severe impairments of depressive disorder, anxiety disorder, substance abuse/addition (alcohol), asthma, and chronic obstructive pulmonary disease. AR at 132. She could perform simple, routine work, occasionally interacting with coworkers and supervisors without teamwork or close collaboration. She could not interact with the public or perform time-sensitive work. *Id.* at 134.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this

[2] 20 C.F.R. § 416.920.

standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV. DISCUSSION

### A. The ALJ Did Not Err in Evaluating Medical Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### *1. Terilee Wingate, Ph.D.*

In December 2022, Dr. Wingate evaluated Plaintiff by phone and completed a Psychological/Psychiatric Evaluation form. AR at 545-49. Dr. Wingate assessed Plaintiff with marked impairments in maintaining punctual attendance, maintaining appropriate behavior, and completing normal workdays without interruptions from her symptoms. *Id.* at 548.

The ALJ found Dr. Wingate's opinion unpersuasive because it was unsupported by her largely normal mental status examination ("MSE") findings and inconsistent with the longitudinal record of generally normal MSE findings except anxious or depressed mood.[3] AR at 138.

Dr. Wingate's MSE findings indicate normal speech, affect, thought process, orientation, perception, fund of knowledge, concentration, abstract thought, and insight and judgment. AR at 548-49. The only abnormal findings were dysphoric mood and impaired memory. *Id.* at 549. The ALJ reasonably concluded that Dr. Wingate's findings were insufficient to support entirely disabling limitations. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (affirming ALJ's rejection of opinion by medical source whose "assessment of severe limitations was inconsistent with the [source's] 'own unremarkable mental status examinations'").

In addition, substantial evidence supports the ALJ's finding that the longitudinal record reflected almost entirely normal MSE findings except for depressed or anxious mood. AR at 138 (citing *id.* at 1820-21, 1830, 1843-44, 1853, 2227, 2235, 2241, 2243, 2520, 2527, 2534, 2538-39, 2541, 2543, 2551-52, 2574, 2577, 2581, 2583). The ALJ acknowledged that PHQ-9 and GAD-7 scores reflected "fairly consistently high levels of reported depression and anxiety symptoms" throughout the record but gave more weight to MSE findings. AR at 136.

Plaintiff contends the ALJ erred in evaluating the longitudinal record by deeming PHQ-9 and GAD-7 tests to be based on self-reports and, thus, less probative than MSE findings. (Dkt. # 17 at 4-9, 12.) Plaintiff cites academic reports by the scientists who developed the PHQ-9 and GAD-7 tests, contending that they "establish a predictive association with functional loss, likely

---

[3] The ALJ also faults Dr. Wingate for not explaining how she could determine that Plaintiff's mood was "dysphoric" over the phone, AR at 138, but provides no reason why a trained professional could not assess mood by tone, word choice, pacing, and other auditory information. This was not a valid reason to discount the opinion.

days of absence and need for doctor visits[.]" (*Id.* at 9.) The Commissioner objects to the Court taking note of the journal articles Plaintiff cites to argue the probative value of evidence in the record. (Dkt. # 18 at 8.)

First, the ALJ also discounted Dr. Wingate's opinion based on lack of supportability, which is a sufficient reason alone and is not challenged by Plaintiff, even if he erred in finding inconsistency with the record. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (error harmless if remaining valid reasons are supported by substantial evidence). Second, it is not the Court's but the ALJ's role to weigh and resolve ambiguities in the medical evidence, *Smartt*, 53 F.4th at 494, although he may not do so based on a mischaracterization of the record, *see Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998).

Finally, even if the Court were to consider the academic research Plaintiff cites, the material confirms that the PHQ-9 and GAD-7 tests measure self-reports. *See* Kroenke, *et al.*, *The PHQ-9: Validity of a Brief Depression Severity Measure*, J. GEN. INTERN. MED. 2001:16(9):606-13 (PHQ-9 can be "entirely self-administered by the patient"); Spitzer, *et al.*, *A Brief Measure for Assessing Generalized Anxiety Disorder: The GAD-7*, ARCH. INTERN. MED. 2006:166(10): 1092-97 (GAD-7 "can be completed entirely by the patient"). Increasing severity of depression or anxiety, as measured by these tests, correlated with increasing "self-reported disability days," defined as the number of days patients reported that "their symptoms interfered with their usual activities." *Id.* This is not the same as "lost work days," as Plaintiff suggests. (Dkt. # 17 at 8.) Plaintiff fails to establish harmful error in the ALJ's analysis. *See also Cardona v. Kijakazi*, 2022 WL 1214707, at *12 (S.D. Cal. Apr. 25, 2022) (PHQ-9 and GAD-7 diagnose depression or anxiety but "do not speak to whether or not Plaintiff has marked or extreme limitations").

The Court concludes the ALJ did not err in discounting Dr. Wingate's opinion.

2. *Kimberly Wheeler, Ph.D.*

In November 2024, Dr. Wheeler evaluated Plaintiff by phone, reviewed Dr. Wingate's report, and completed a Psychological/Psychiatric Evaluation form. AR at 2637-40. Dr. Wheeler assessed severe limitations in maintaining punctual attendance and completing normal workdays, and marked limitations in adapting to changes, communicating and performing effectively, and maintaining appropriate behavior. *Id.* at 2638-39.

The ALJ found Dr. Wheeler's opinion unpersuasive because it was unsupported by her own largely normal MSE findings and inconsistent with the longitudinal record of generally normal MSE findings. AR at 139.

Dr. Wheeler found normal thought process and content, orientation, perception, memory, fund of knowledge, abstract thought, and insight and judgment. AR at 2640. Abnormal findings were dysphoric mood and friable affect. *Id.* Plaintiff's concentration was "[h]eavily abraded by anxiety, depression, trauma" and Dr. Wheeler further explained that Plaintiff would interject and offer "[t]rauma and symptom descriptions" in response to most questions "until rapport building eased her urgency about being heard." *Id.*

The ALJ reasonably concluded that Dr. Wheeler's findings were insufficient to support entirely disabling limitations. Plaintiff argues that her interjections during the interview, which Dr. Wheeler reported led to a "jumbled flow of information," AR at 2640, "tended to support the opinion[.]" (Dkt. # 17 at 15.) Plaintiff does not explain how these interjections supported such extreme limitations as an inability to maintain attendance and complete normal workdays. *See* AR at 2638 ("'Severe' means an inability to perform the activity"). The ALJ did not err in discounting Dr. Wheeler's opinion based on lack of supportability.

Plaintiff again contends the ALJ erred in not giving more weight to PHQ-9 and GAD-7 scores in the longitudinal record. (Dkt. # 17 at 15.) This argument is rejected, as discussed above. The Court concludes the ALJ did not err in discounting Dr. Wheeler's opinion.

**B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Plaintiff contends the ALJ erred in discounting her testimony of anxiety, depression, and suicidality. (Dkt. # 17 at 10.) The ALJ cited generally normal MSE results throughout the record, effective routine treatment, inconsistencies in her statements, and conflict with her daily activities. AR at 136-37.

Plaintiff primarily argues that the ALJ erred in assessing PHQ-9 and GAD-7 scores (dkt. # 17 at 4-9), which the Court rejects as discussed above. Because inconsistency with the medical evidence was a sufficient reason, the Court need not address Plaintiff's other arguments. *See Smartt*, 53 F.4th 489, 498 (9th Cir. 2022) ("ALJ properly discounted Smartt's subjective pain testimony by identifying specific discrepancies between her testimony and the objective medical evidence.").

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 31st day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge